JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Neil Shore + Juli Shore, h/w
29 Farmington Drive
Marlton NJ 08053

**(b)** County of Residence of First Listed Plaintiff   Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**DEFENDANTS** Government Employees Ins. Co.
a/k/a GEICO
One Geico Boulevard
Fredericksburg VA 22412-0003

County of Residence of First Listed Defendant   Spotsylvania
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brad S. Tabakin / Richard A. Wolfe
1000 Germantown Pike - B3
Plymouth Meeting PA 19462  (215)525-1616

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1) ; 28 U.S.C. 1391(a)(2)

Brief description of cause:
Plaintiff seeks claims for UIM benefits, breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10/4/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEIL SHORE and JAMI SHORE, husband and wife : <br> 29 Farmington Drive <br> Marlton, New Jersey 08053 | |
| v. | : CIVIL ACTION NO: |
| GOVERNMENT EMPLOYEES INSURANCE <br> COMPANY a/k/a GEICO <br> One Geico Boulevard <br> Fredericksburg, Virginia 22412-0003 | : **COMPLAINT** <br> : **AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiffs, Neil Shore and Jami Shore, husband and wife, are adult individuals, citizens and residents of the State of New Jersey and reside at 29 Farmington Drive, Marlton, New Jersey 08053.

2. Defendant, Government Employees Insurance Company, a/k/a Geico (hereinafter referred to as "Geico") is a corporation or other business entity authorized and licensed to sell and provide automobile financial responsibility in the State of New Jersey with its domicile residency and principal place of business located at One Geico Boulevard, Fredericksburg, Virginia 22412-0003.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the District of New Jersey in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiffs aver and incorporate by reference the averments of Paragraphs 1 through 4, inclusive, of this Complaint as though the same were fully set forth herein.

6. At all times material to this Civil Action, Plaintiffs, Neil Shore and Jami Shore, had a valid contract with the Defendant, Geico, consisting of a policy of motor vehicle insurance, Policy No: 4354-30-91-57. (See Declarations attached as Exhibit "A")

7. At all times relevant and material to this Civil Action, the third-party tortfeasor, Haydee Otero, owned, operated, managed, possessed, controlled and/or leased a 2005 Mazda, Vehicle Identification No: JM1BK32F551249062.

8. On or about September 20, 2015, Plaintiffs' vehicle was involved in an accident on Route 73 South, at or near the intersection of Ardsley Drive, Evesham Township, New Jersey, when the third-party tortfeasor, Haydee Otero, negligently and carelessly collided with Plaintiffs' vehicle, causing Plaintiff, Neil Shore, to sustain injuries and other losses more fully set forth herein.

9. The third-party tortfeasor was careless and negligent in the operation of her vehicle so as to cause this collision resulting in serious and permanent injuries and damages to Plaintiff, Neil Shore.

10. As a direct and proximate result of the negligence of the third-party tortfeasor, Haydee Otero, Plaintiff, Neil Shore, suffered and will continue to suffer from severe and permanent injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body, including, but not limited to injuries to his neck, left shoulder, arm, right shoulder, back and head, a severe shock to his nerves and nervous system and various other ills and injuries, all of which have, in the past, and will, in the future, cause Plaintiff, Neil Shore, great pain and suffering, are serious and permanent in nature, and have caused Plaintiff, Neil Shore, serious and/or permanent impairment bodily functions.

11. On the date of the aforesaid collision, the vehicle driven by Haydee Otero was insured, but with a minimum policy of $15,000.00/$30,000.00 through Progressive Insurance Company, Policy No: 902810874, which coverage is inadequate coverage to fully compensate the Plaintiff, Neil Shore, for the injuries and damages he sustained and, thus, that vehicle and its driver, Haydee Otero, were underinsured.

12. On the date of the aforesaid collision, policyholders, Neil D. Shore and Jami Shore's, vehicle was insured under a policy of insurance issued by Defendant with underinsured motorist limits of $100,000.00 per person and $300,000.00 per accident and the full tort option.

13. On or about August 30, 2017, Plaintiff, Neil Shore, in support of his claim for underinsured motorist benefits under the policy issued by Defendant, Geico, provided Defendant with documentation supporting the Plaintiff's injuries.

14. The aforesaid accident was the direct and proximate result of the carelessness and negligence of the aforesaid Haydee Otero and was due in no part to any act or failure to act on the part of Plaintiff, Neil Shore.

15. As a result of the negligence and carelessness of the Defendant herein, Plaintiff, Neil Shore, was caused to sustained injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body, including, but not limited to injuries to his neck, left shoulder, arm, right shoulder, back and head, a severe shock to his nerves and nervous system and various other ills and injuries, all of which have, in the past, and will, in the future, cause Plaintiff, Neil Shore, great pain and suffering, are serious and permanent in nature, and have caused Plaintiff, Neil Shore, serious and/or permanent impairment bodily functions.

16. As a further result of the negligence and carelessness of the Defendant herein, Plaintiff, Neil Shore, has and will be obligated to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to his great detriment and loss, and may continue to increase.

17. As a direct and proximate result of the carelessness and negligence of the aforesaid Haydee Otero, the Plaintiff, Neil Shore, was, is and will be precluded from engaging in his normal activities and pursuits.

18. The medical documentation Plaintiff, Neil Shore, submitted to Defendant establishes that as a result of the accident with the underinsured tortfeasor, Plaintiff, Neil Shore, sustained permanent injuries resulting in permanent residual disability.

19. Defendant has ignored or has acted with reckless indifference to the proofs submitted by Plaintiff which clearly establish Plaintiff's entitlement to underinsured motorist benefits.

20. Defendant has never had Plaintiff examined by any physician and, therefore, has no medical evidence or documentation of its own to refute Plaintiff's medical evidence which clearly establishes Plaintiff's injuries.

21. Despite having no medical evidence of its own to refute Plaintiff's medical evidence, Defendant, without any justification, refused to pay Plaintiff underinsured motorist benefits under the policy issued to Plaintiffs, requiring Plaintiffs to file suit to obtain those benefits.

### COUNT I - BREACH OF CONTRACT
### NEIL SHORE v. GEICO

22. Plaintiff hereby incorporates by reference the averments of Paragraphs 1 through 21 of this Complaint as though set forth herein at length.

23. The Plaintiff has complied with all of the terms and conditions of the insurance policy with the Defendant and is entitled to be paid underinsured motorist benefits to compensate him for the damages sustained by the Plaintiff resulting from the negligence of the underinsured motorist.

24. The insurance policy with Defendant is a contract and Defendant has breached that contract in the following ways:

(a) Failing to reasonably investigate Plaintiff, Neil Shore's, underinsured motorist claim;

(b) Failing to objectively and fairly evaluate Plaintiff, Neil Shore's, underinsured motorist claim;

(c) Failing to promptly offer payment of the reasonable and fair value of the underinsured motorist claim;

(d) Failing to attempt in good faith to effectuate the prompt, fair and equitable settlement of Plaintiff, Neil Shore's, claim for underinsured motorist benefits;

(e) Failing to make any payment to the Plaintiff under the underinsured motorist provision of the Plaintiff's policy;

(f) Offering to settle Plaintiff's claim for underinsured motorist benefits for an amount that it is substantially less than value of that claim.

**WHEREFORE**, Plaintiff, Neil Shore, demands judgment against Defendant for breach of contract in an amount in excess of Seventy-Five Thousand ($75,000.00) dollars, together with interest, cost of suit and attorneys' fees.

### COUNT II
### JAMI SHORE v. GEICO

25. Plaintiff avers and incorporates by reference, the averments of Paragraphs 1 through 24 as though the same were fully set forth herein.

26. Solely as a result of the aforesaid negligence and carelessness of the Defendant herein, Plaintiff, Jami Shore, as spouse of Plaintiff, Neil Shore, has been deprived of the society, companionship, aid, assistance, earnings and earning power and consortium of said spouse, all of which has, and may, in the future, continue to cause great emotion financial loss and damage.

**WHEREFORE**, Plaintiff, Jami Shore, demands judgment in her favor and against Defendant, Geico, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees.

### JURY DEMAND

Plaintiffs herein demand a jury trial.

TABAKINWOLFE, LLP

BY: _____
BRAD S. TABAKIN, ESQUIRE
brad@twlegal.net

_____
RICHARD A. WOLFE, ESQUIRE
rich@twlegal.net

1000 Germantown Pike - #B3
Plymouth Meeting, Pennsylvania 19462
(215) 525-1616
(215) 525-5858 - Facsimile

# EXHIBIT "A"

**GEICO**
geico.com

Tel: 1-800-841-3000

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**
One GEICO Boulevard
Fredericksburg, VA 22412-0003

Date Issued: November 4, 2016

NEIL D SHORE AND JAMI SHORE
29 FARMINGTON DR
MARLTON NJ 08053-4325

# Declarations Page

This is a description of your coverage
Please retain for your records

**Policy Number: 4354-30-91-57**
**Coverage Period:**
12-13-16 through 06-13-17
12 01 a m local time at the address of the named insured

Email Address: retrorewind@aol.com

**Named Insured**
Neil D Shore
Jami Shore

**Additional Drivers**
None

| Vehicles | | VIN | Vehicle Location | Finance Company/Lienholder |
|---|---|---|---|---|
| 1 2010 Jeep | Wrangler | 1J4BA3H15AL159093 | Marlton NJ 08053 | |
| 2 2014 Jeep | Cherokee | 1C4PJMDB0EW180485 | Marlton NJ 08053 | Chrysler Capital |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $170.00 | $135.30 |
| Property Damage Liability | $100,000 | $70.00 | $56.60 |
| Pip Full Pip Primary | Option E | $94.70 | $78.60 |
| | $250,000 | - | - |
| | $250 Ded | - | - |
| Uninsured & Underinsured Motorists | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $82.70 | $82.70 |
| Underinsured Motorist Property Damage | $100,000 | $2.60 | $2.60 |
| Comprehensive | $500 Ded | $15.00 | $22.30 |
| Collision | $500 Ded | $81.20 | $94.80 |
| Rental Reimbursement | $50 Per Day | $15.20 | $15.20 |
| | $1500 Max | - | - |
| **Six Month Premium Per Vehicle** | | **$531.40** | **$488.10** |
| **Total Six Month Premium** | | | **$1,019.50** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

TIER T
DEC_PAGE (03-14)  (Page 1 of 2)

Continued on Back
Renewal Policy Page 9 of 76

**Discounts**

| | |
|---|---|
| **The total value of your discounts is** | **$365.30** |
| Multi-Car (All Vehicles) | $178.60 |
| Multiline (All Vehicles) | $25.20 |
| Anti-Theft Device (All Vehicles) | $5.10 |
| 5 Year Good Driving (All Vehicles) | $102.70 |
| Passive Restraint/Air Bag (All Vehicles) | $53.70 |

**Contract Type:** A30NJ
**Contract Amendments:** ALL VEHICLES - A30NJ A54NJ UE112A

**Unit Endorsements:**   UE30NJ (VEH 2); A431NJ (VEH 1,2); UE316A (VEH 2)

**Class:**   A -M -    -L (VEH 1); A -N -    -S (VEH 2)

---

### Important Policy Information

-Please review the front and/or back of this page for your coverage and discount information.

-A discount for successfully completing an approved Defensive Driver Course is available in New Jersey.

-You are currently carrying the Full Tort Option on your policy.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA, however, in Virginia coverage is limited for custom furnishings or equipment on pick-up trucks and vans but you may purchase coverage for this equipment. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-Claims incurred while an insured vehicle is being used to carry passengers for hire may not be covered by this contract. Please review the contract for a full list of exclusions and contact us if you plan to use any of your insured vehicles for this purpose.

-The New Car Discount no longer applies to your 14 JEEP.

-Confirmation of coverage has been sent to your lienholder and/or additional insured.